**GEO. H. McFADDEN & BRO., INC.,**
**Plaintiff,**

v.

**HOME-STAKE PRODUCTION COMPANY, an Oklahoma corporation, Robert S. Trippet and Republic Supply Company, a Delaware corporation, Defendants.**

**No. 68–C–40.**

United States District Court
N. D. Oklahoma.

Dec. 30, 1968.

Houston, Klein & Davidson and Richard T. Sonberg, Tulsa, Okl., for plaintiff.

Pat Malloy and Thomas Landrith, Jr., Tulsa, Okl., for defendants Home-Stake Production Co. and Robert S. Trippet.

Sanders & McElroy, Tulsa, Okl., for defendant Republic Supply Co.

## ORDER

DAUGHERTY, District Judge.

Defendant Republic Supply Company (Republic) and Defendants Home-Stake Production Company (Home-Stake) and Robert S. Trippet (Trippet) have filed Motions for Summary Judgment against the claims made herein by Plaintiff. The Republic Motion proceeds basically on the contention that there is no privity between it and Plaintiff, thus it cannot be charged with any violations of the SEC laws for which Home-Stake and Trippet may be responsible. The Home-Stake and Trippet Motion is based generally on the contention that Plaintiff's claims, both SEC based and other, are barred by the applicable statute of limitation. If there is any genuine, material issue of fact between the parties, these Motions cannot be granted.

The principle contention of fact with respect to Republic is that of its participation in the acts of Home-Stake and Trippet. Republic, in effect, argues that if there is no privity between it and Plaintiff in the transactions complained of, there is no right of action under the SEC laws. However, privity is not essential. 15 U.S.C.A. § 77q and Regulation 10b–5 of the Securities and Exchange Commission provide:

"It shall be unlawful for *any person, directly* or *indirectly*, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of a national securities exchange,

(1) to employ any device, scheme or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to *engage in any act, practice or course of business* which operates or would operate as a fraud or deceit upon any person, in connection with

the purchase or sale of any security." (emphasis supplied).

In this connection, Bromberg states:

"Although lack of privity between parties normally occurs only in open-market trades, it occasionally appears in direct-personal ones, as where defendant induces plaintiff to trade with a third party. But it is equally non-essential. Even if privity is supposed necessary, a plaintiff may find his way around it, at least on the pleadings, by alleging 'common plan and concert of action' between the particular defendant and some one with whom the plaintiff is in privity, or conspiracy or aiding and abetting.

These results are based on, and give effect to, the dragnet phraseology of 10b–5 which refers to 'any person,' 'directly or indirectly,' and 'in connection with' a security trade." A. Bromberg, Securities Law: Fraud—SEC Rule 10b–5, § 8.5, pp. 206–208.

It is thus clear that one may recover for an SEC violation falling under Rule 10b–5 even though there is no direct personal relationship. Whether, and to what extent Republic participated in the acts of Home-Stake and Trippet is a genuine, material issue of fact in this case precluding summary judgment thereon.

■ All defendants urge as a ground for summary judgment the defense of limitations. Plaintiff apparently is relying on section 17(a) of the 1933 Securities Act (15 U.S.C.A. § 77q(a)) and section 10(b) of the 1934 Securities Exchange Act (15 U.S.C.A. § 78j). All parties agree that there is no federal statute of limitations under these sections and that state law applies. They do not agree what state law applies. Oklahoma has a general statute of limitations, 12 Okl.St.Ann. § 95(3) and a special statute of limitations relating to securities, 71 Okl.St.Ann. § 408. The former provides:

"Civil actions * * * can only be brought within the following periods, after the cause of action shall have ac-

crued, and not afterwards: * * * Third. within two years: * * * an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The latter provides:

"(e) No person may sue under this section more than two years after the contract of sale."

By its literal terms, the above quoted portion of 71 Okl.St.Ann. § 408 does not apply to this action because this action is not brought under the statute. It is based on federally-created rights. Thus, the general statute of limitations, 12 Okl.St.Ann. § 95(3), applies and the period of limitation is measured from the date the fraud is discovered.

■ Nothing filed in the case so far has revealed when the Plaintiff discovered Defendants' alleged fraud. Defendants, on the other hand argue that the *means* of discovering any alleged fraud were in Plaintiff's hands more than two years prior to this action. Granting that this may be so, it is not conclusively shown by the files and records of the case, and it appears to be a disputed matter of fact. It is thus not appropriate for resolution on Motion for Summary Judgment.

■ Other propositions advanced by Home-Stake and Trippet merit comment. They claim that Plaintiff is barred by the Oklahoma "Dead Man Statute," 12 Okl.St.Ann. § 384, from testifying about alleged fraudulent statements by Charles Plummer, a vice-president of Home-Stake, now deceased. This claim is directly contrary to the holding of Gaines Bros. Co. v. Gaines, 176 Okl. 576, 56 P. 2d 869 (1936). Plaintiff is not prohibited by that statute from testifying to the representations made by Charles Plummer to it.

■ Trippet claims in an individual capacity that Plaintiff's answers to interrogatories conclusively show that he was in no way connected with the inducing of Plaintiff to invest in the Home-

Stake program. Nevertheless, as Plaintiff alleges that Trippet, together with Plummer, conspired to defraud it, determination of which question involves the fact-finding process, summary judgment letting Trippet out of the case at this point would be premature.

Other propositions advanced by Home-Stake and Trippet which do not relate to the issues heretofore discussed would not entitle them to summary judgment in any event, while the foregoing issues remain unresolved.

The Motion for Summary Judgment of Defendant Republic Supply Company and of Defendants Home-Stake Production Company and Robert S. Trippet are, therefore, denied.