### UNITED STATES v. ONE DARK BAY HORSE.

(District Court, D. Vermont. April 25, 1904.)

No. 29.

1. CUSTOMS DUTIES—FORFEITURE—IMPORTATION WITHOUT PAYMENT OF DUTY —LIMITATION TO PROSECUTION.

In proceedings for the forfeiture of certain merchandise imported without the payment of duty it appeared by the averments in the pleadings that the claimant of the property had owned it for more than five years, without knowing or having reason to suspect that it had been imported, that he had never concealed it, and that neither he nor it had since been out of the United States, and that the importation of the merchandise was not known to the customs officers until about six years after the forfeiture accrued. *Held*, that the proceedings were barred, under Rev. St.

§ 1047 [U. S. Comp. St. 1901, p. 727], and Act June 22, 1874, c. 391, § 22, 18 Stat. 190 [U. S. Comp. St. 1901, p. 727], which prescribe, respectively: (1) That proceedings for forfeiture shall be brought within five years after the forfeiture accrued, provided the offender or the property shall, within the same period, be found within the United States; and (2) that proceedings for forfeiture accruing under the customs revenue laws shall be commenced within three years after the forfeiture accrued, provided the time of the absence from the United States of the person subject to such forfeiture, or of any absence or concealment of the property, shall not be reckoned within the period of limitation.

2. SAME—INNOCENT BUYER OF SMUGGLED MERCHANDISE.

The innocent buyer of smuggled merchandise is under no liability to enter it for the payment of duty. Such payment would not relieve a forfeiture already incurred, nor would failure to pay revive it when once barred.

At Law. Information for forfeiture. On claimant's demurrer to replication.

James L. Martin, U. S. Atty.

G. F. Ladd and S. R. Boright, for claimant.

WHEELER, District Judge. This is an information for condemnation of the horse as forfeited by being brought into this country from Canada in avoidance of entry, or declaration for or payment of duties. A claimant has appeared, and pleaded that he purchased the horse on the 21st day of December, 1897, at Berkshire, in the county of Franklin, without knowing or having reason to suspect it had been imported, where he ever since kept it, and has never concealed it, and that he has not himself since been out of the United States, and that the forfeiture did not accrue within three years before seizure. To this plea the government has replied that the forfeiture accrued in 1897, and was unknown to any officer of the government until December, 1903, when the claimant was informed thereof by a deputy collector of customs, and requested to make entry of the horse and pay the duties thereon, which he refused to do; whereupon it was seized as set forth in the information. To this replication the claimant has demurred.

Acts of Congress brought into and forming section 1047 of the Revised Statutes [U. S. Comp. St. 1901, p. 727] barred proceedings for forfeiture after five years, provided the person of the offender or the property should, within the same period, be found within the United States, so that the proper process might be brought against either. Section 22 of an act of June 22, 1874 (18 Stat. 190, c. 391), bars suits or actions to recover forfeitures "accruing under the customs revenue laws" after three years, but provides that time of absence of the person from the United States, or "of any concealment or absence of the property, shall not be reckoned." 1 U. S. Comp. St. 1901, p. 727. The forfeiture was absolute and complete, without any alternative of value, immediately upon the importation in avoidance of the customs office. Rev. St. § 3099 [2 U. S. Comp. St. 1901, p. 2026]; Caldwell v. United States, 8 How. 366, 12 L. Ed. 1115; In re Henderson's Distilled Spirits, 14 Wall. 44, 20 L. Ed. 815. The allegations of the plea seem to bring the case within both of these sections, except that there is no direct allegation that the forfeiture did not accrue within five years,

to bring it under section 1047 [U.S.Comp.St.1901,p.727]. This is perhaps supplied by the allegation in the plea, and also in the replication, that the illegal importation was in 1897, which would be more than five years before seizure. However that may be, the denial that the forfeiture did not accrue within three years, and of any concealment or absence of the property for any time, to be excluded in reckoning, bring the case clearly within the act of 1874. The demurrer would reach back to the first defect, but none is made to appear in the plea itself. The case must turn, therefore, on the sufficiency of the replication as an avoidance of the plea. This is to be governed by the statute itself, which sets forth what shall avoid the effect of the lapse of time. The ignorance of the officers is not made of itself of any effect, but only the concealment or absence of the property is as to that. No absence of the smuggler to be reckoned is in any wise made to appear, if it would be at all material against the innocent claimant, while the presence of the claimant and of the horse is well made to appear. The refusal of the claimant to enter the horse for duty would not, without new importation, work a new forfeiture. The claimant was not, and never was, importer of the horse, and had no occasion to enter it for duties. He was under no liability for the duties, and payment of them would not relieve the forfeiture already incurred, nor failure to pay revive it. So the plea stands good, and the replication does not appear to avoid the effect of it, as now considered, under either section 1047, or the act of 1874.

Demurrer sustained, replication adjudged insufficient, and judgment for claimant.