**UNITED STATES of America, Plaintiff,**

v.

**R. I. T. A. ORGANICS, INC., Defendant.**

**No. 79 C 1051.**

United States District Court,
N. D. Illinois, E. D.

April 3, 1980.

Thomas P. Walsh, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Robert E. Burke, Barnes, Richardson & Colburn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

*Motion for Summary Judgment*

Plaintiff United States of America brings this action against defendant R.I.T.A. Organics, Inc. under section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592, alleging, *inter alia*, that defendant made false statements in connection with the importation of certain quantities of pearl essence [1] during the period from June 22, 1970 to February 4, 1974. Plaintiff instituted this action on March 16, 1979. Plaintiff seeks recovery of the total domestic value of the subject mer-

chandise. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1345 and 1355.

Pending before the Court is defendant's motion for partial summary judgment as to 28 of the 32 challenged importations of pearl essence. In support of the instant motion, defendant argues that plaintiff's action is barred by the applicable statute of limitation. 19 U.S.C. § 1621. For the reasons set forth below, defendant's motion is denied.

■ Customs law requires the disclosure of certain information upon importation of merchandise in order to properly estimate customs duties and otherwise enforce the customs laws. *See, e. g.*, 19 U.S.C. §§ 1481–90. *See generally*, Note, *Anachronism Laid To Rest: Customs Reform Act Accomplishes Long Overdue Reform of Section 592 of the Tariff Act of 1930*, 10 Law & Pol'y Int'l Bus. 1305 (1978) (hereinafter cited as Note). Section 592 makes it unlawful to make any false and material statement or omission in connection with the importation of merchandise.[2] 19 U.S.C. § 1592. Moreover, section 592 imposes liability up to the total domestic value of the subject merchandise without regard to whether the importer's culpability is based upon fraud, negligence, or gross negligence. 19 U.S.C. § 1592. *See* S.Rep.No. 778, 95th Cong., 2d Sess. *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 2211, 2228–29; *see generally* Note, *supra*. *Contra, United States v. Wagner*, 434 F.2d 627, 629 (9th Cir. 1970) (intent to defraud is an essential element of a section 592 action); *accord, United States v. E. K. Products, Inc.*, Civ.No. B–78–297 (S.D.Tex., June 25, 1979).[3] The instant

---

1. Pearl essence is "a translucent substance that occurs in the silvery scales of various fish (as herring) and is used in making artificial pearls, lacquers, and plastics." *Webster's New Collegiate Dictionary*, p. 843 (1977).

2. Section 592 and related provisions of the Tariff Act were recently revamped by Congress upon passage of the Customs Procedural Reform and Simplification Act of 1978, Pub.L.No. 45–910, 92 Stat. 888 (1978). *See generally* Note, *supra*. However, because the prepenalty notice in this action was issued prior to the

effective date of the Reform Act, this action is governed by the pre-amended provisions of the Tariff Act, with the exception that the instant action *is* subject to the judicial review provision set forth in subsection (e) of amended section 592. Pub.L.No. 95–410 § 110(f).

3. The *Wagner* and *E. K. Products* cases are squarely contrary to long-standing Customs enforcement of section 592. *See, e. g.*, Fed.Reg. 39061 (1974) (defining intentional, grossly negligent, and negligent violations of Section 592).

complaint does not specifically aver defendant's alleged degree of culpability.[4]

The applicable statute of limitation provides that no action brought under section 592 may be commenced more than five years after discovery of the alleged violation. 19 U.S.C. § 1621; see Pub.L. 95–410 § 110(f)(2). In support of its motion, defendant's brief sets forth various facts as to each of the subject 28 importations which, it argues, constituted sufficient facts in each case to alert plaintiff to any violation of section 592 more than five years before the commencement of this action. In response, plaintiff makes the argument that while it may have had notice of the falsity of defendant's import documents more than five years prior to the institution of this action, because plaintiff was unaware of any alleged fraud by defendant until April, 1974, this action is not time-barred.

■ The Court prefaces its discussion of the merits of defendant's motion by noting the Court's disagreement with plaintiff's interpretation of the applicable statute of limitation. First, as noted above, section 592 makes actionable negligent, as well as fraudulent, misstatements at the time of the importation of merchandise. Thus, it is absurd to argue that a section 592 violation becomes actionable only upon discovery of a fraud. In this connection, defendant's hypothetical as set forth in its memorandum of March 18, 1980 addressing plaintiff's interpretation of the statute of limitation is well-taken. Defendant's Memorandum (March 18, 1980), pp. 7–8.

■ Second, plaintiff affords too grudging an interpretation to the discovery exception to the general rule with respect to statutes of limitation that they begin to run at the time the wrong is committed. See 51 Am.Jur.2d § 20. The rule that statutes of limitation for actions based upon fraud do not begin to run until the fraud is discovered or could have been discovered through the exercise of due diligence is based upon the sound judgment that a statute of limitation may not operate as a shield in favor of one who conceals a wrongful act. Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945); Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349, 22 L.Ed. 636 (1875). See generally, Dawson, Undiscovered Fraud and Statutes of Limitation, 31 Mich.L.Rev. 591 (1933). Presumably, the instant statute of limitation, since it applies to negligent violations of section 592 as well as fraudulent ones, employs a discovery rule for the additional reason that discovery of section 592 violations, whether done negligently or fraudulently, is difficult in view of the volume of importations which Customs must process.[5]

■ The discovery rule, however, may not be invoked by a plaintiff who fails to exercise "reasonable care and diligence in seeking to learn the facts which would disclose" the alleged wrong. Morgan v. Koch, 419 F.2d 993, 997 (7th Cir. 1969). The making of false statements or omissions in connection with the importation of goods is an essential element of a section 592 violation. Therefore, knowledge that an importer has made false statements or omissions should alert Customs to the possibility of a section 592 violation. This is especially true since even a negligently made false statement can trigger section 592 liability. Once the falsity of import documents is discovered, a reasonable investigation should inform Customs whether a violation of section 592 has in fact been committed.

Plaintiff's offered interpretation of the discovery rule would effectively eliminate the "constructive discovery" facet of that rule. This facet of the discovery rule provides that "the means of knowledge are the

---

**4.** Though defendant's alleged degree of culpability is irrelevant for remedy purposes, it is important with respect to plaintiff's burden of proof. 19 U.S.C. § 1592(e)(2). See also Fed.R. Civ.P. 9(b) (allegations of fraud must be plead with particularity).

**5.** If so, however, Congress apparently elected to strike the balance in the future in favor of greater fairness to importers at the cost of administrative ease since the Reform Act discards the discovery rule for negligent and grossly negligent section 592 violations. 19 U.S.C. § 1621, as amended.

same thing in effect as knowledge itself." *Id.* at 998 (quoting *Wood v. Carpenter*, 101 U.S. 135, 140, 25 L.Ed. 807 (1879)). Under plaintiff's interpretation, Customs could be made aware of the falsity of import documents and then sleep on this information virtually forever without risking that the statute of limitation would bar an action under section 592, unless and until plaintiff became aware that the false documentation was the product of a fraudulent intent. The purpose of the discovery rule, however, is to delay the running of a statute of limitation against an aggrieved party only until that party discovers or possesses the means to discover the alleged wrong, whichever occurs first.

Statutes of limitation are statutes of repose, and reflect the basic notion of fairness that litigants and courts should not be involved in.actions where the search for truth may be seriously impaired by the passage of time. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). While the discovery exception reflects important countervailing considerations which will in certain circumstances prevail over the above general considerations underlying all statutes of limitation, the Court is of the opinion that the plaintiff's view of the discovery rule creates an exception which threatens to swallow the rule. *Id.* In short, the Court finds that knowledge of the falsity of import documents is a means to discovery of a section 592 violation and, therefore, causes the statute of limitation to begin to run.

■ Turning to the facts of the instant case, however, the Court finds summary judgment to be inappropriate. Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Any doubt as to the existence of a material fact is to be resolved against the movant. *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 576 (7th Cir. 1961).

The question of when a plaintiff discovered or reasonably should have discovered a fraud is not one which often lends itself to resolution by way of summary judgment. *Dzenits v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 494 F.2d 168 (10th Cir. 1974); *United States v. Alcatex, Inc.*, 328 F.Supp. 129 (S.D.N.Y.1971); *Geo. H. McFadden & Bro., Inc. v. Home-Stake Production Co.*, 295 F.Supp. 587 (N.D.Okl.1968). Such is the case here. The Court has carefully examined the several assertions and arguments made by each party with respect to the subject 28 entries. Without discussing the particular facts of each entry with which the instant motion is concerned, the Court notes that although defendant has marshalled some rather persuasive facts in support of its position, the Court finds that plaintiff's rebuttal has raised genuine factual issues as to each entry. Accordingly, these entries are not subject to summary judgment, and, therefore, defendant's motion is hereby denied.