**UNITED STATES of America, Plaintiff,**

v.

**SHABAHANG PERSIAN CARPETS, LTD., Defendant.**

**No. 94–C–650.**

United States District Court, E.D. Wisconsin.

April 8, 1996.

William J. Lipscomb, Assistant United States Attorney, Milwaukee, WI, for Plaintiff.

Steiner & Schoenfeld by Douglass H. Bartley, Milwaukee, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 20, 1994, the plaintiff filed the above-captioned action seeking a civil money penalty against Shabahang Persian Carpets, Ltd. ["Shabahang"] for its alleged importation of Iranian carpets into the United States in violation of United States customs laws. The plaintiff filed its action under 19 U.S.C. § 1595a(b). Presently before the court is the defendant's motion for summary judgment.

The defendant previously filed a motion to dismiss, which was treated as a motion for summary judgment pursuant to Rule 12(b), Federal Rules of Civil Procedure. In that motion, Shabahang argued that this case was filed beyond the applicable statute of limitations and that the government's notice of penalty did not comply with applicable regulations. I denied that motion in an April 21, 1995, decision and order.

In its complaint, the plaintiff alleges that Shabahang was involved in the illegal importation of carpets. The plaintiff claims that the defendant accomplished the alleged importation by purchasing carpets from Mirzazadeh Export–Import in Germany, and having the carpets shipped to persons in the United States who would accept shipment of the carpets for Shabahang.

The plaintiff maintains that Shabahang imported and introduced more than twenty-two carpets of Iranian origin into the United States through the alleged smuggling scheme between April 1, 1989, and June 24, 1989, in violation of 31 C.F.R. §§ 560.201 et seq. The plaintiff asserts that the carpets were not seized by the United States and are no longer available for forfeiture. The alleged value of the carpets is $126,611.

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; Celotex Corp. v. Catrett, 477

U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes over facts which are outcome determinative will preclude the entry of summary judgment. Id. A genuine issue of fact is one which creates a genuine issue for trial. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find in favor of the non-moving party, there is no 'genuine issue for trial.'" Id. The court must view the record, and any reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Griffin v. City of Milwaukee, 74 F.3d 824, 826–27 (7th Cir.1996).

### II. BACKGROUND

The facts which gave rise to this action, as provided in the parties' proposed findings of fact, are largely undisputed. On May 22, 1989, Stanislaw Majka went to the United States customs office in Milwaukee to pick up a package addressed to him and held by the United States customs service ["Customs"]. Customs import specialist Kathy Kramarich questioned Mr. Majka about the contents of the parcel. Mr. Majka told her that the parcel contained carpets from a friend in West Germany. Mr. Majka also stated that he did not know the fiber content of the carpets, or their country of origin. Ms. Kramarich told Mr. Majka that he would need to provide a commercial invoice identifying the fiber content and country of origin of the carpets.

A few days after Mr. Majka's visit to the customs office, Ms. Kramarich opened the parcel and found it to contain a wool carpet with a tag indicating that it was a product of Tabriz, a province of Iran. The carpet had been sent to Mr. Majka by a West German firm named Mirzazadeh Export–Import GmBH. On the same day, Ms. Kramarich learned that the Customs office was holding another parcel from the same West German shipper, which was addressed to Joseph For-

tunato, who Ms. Kramarich knew to be an employee of Shabahang. Ms. Kramarich opened that parcel and found it to contain three wool carpets with tags containing the names of geographic areas of Iran. The packaging on Mr. Fortunato's parcel had a number 8, which suggested to Ms. Kramarich that there "were parcels labeled 1–7 somewhere else."

Mrs. Kramarich observed that shipping documents with Mr. Majka's parcel "indicated Shabahang, U.S.A." Sometime before May 31, 1989, Ms. Kramarich made an anonymous phone call to Shabahang regarding Mr. Majka. Her phone call confirmed that Mr. Majka was an employee of Shabahang. Ms. Kramarich also ran a computer check which revealed that, prior to 1987, all carpets imported by Shabahang were manufactured in and shipped directly from Iran. Based on her investigation, Ms. Kramarich determined that she had a highly probable case of customs violations as of May 31, 1989. Soon after Ms. Kramarich's investigation was completed, William Docken, a special agent for the United States Customs Service, was assigned to investigate the suspected smuggling of Iranian carpets.

On June 23, 1989, Mr. Majka returned to the Customs office to pick up his parcel. Mr. Docken confronted Mr. Majka about the parcel, and Mr. Majka told Mr. Docken that he had been asked by the owner of Shabahang, Bahram Shabahang, to receive the carpets on behalf of Shabahang. Mr. Majka also told Mr. Docken that Mr. Shabahang had given him the false invoice which he presented to Customs to obtain the carpet. Mr. Docken instructed Mr. Majka to place a call to Mr. Shabahang, which was monitored by Mr. Docken. During the phone call, Mr. Shabahang instructed Mr. Majka to bring the carpet with him to work the next day.

On June 24, 1989, Mr. Docken marked the carpet with a fluorescent marker, and Mr. Majka brought the carpet into Shabahang. Mr. Docken then obtained a search warrant for Shabahang's Whitefish Bay location. The search warrant was executed on June 24, 1989, and Customs agents seized the marked carpet, along with Shabahang's business records.

Mr. Docken reviewed Shabahang's business records on June 24, 1989, with Joseph Fortunato, who informed Mr. Docken that he was the bookkeeper for the business. After reviewing Shabahang's inventory books, Mr. Docken discovered that Shabahang had illegally smuggled 22 other Iranian carpets into the country through Mirzazadeh. On June 20, 1994, the United States instituted the present action.

### III. ANALYSIS

The defendant contends that this action was filed beyond the applicable statute of limitations, which is found in 19 U.S.C. § 1621. In its motion for summary judgment, Shabahang contends that the present action was filed more than 5 years after the time the alleged offense was discovered, thus placing the filing beyond the statute of limitations. The defendant claims that the government possessed the means to discover the alleged offense prior to June 20, 1989.

■ The defendant's brief in support of its motion for summary judgment cites Wisconsin case law in its discussion of the applicable standards for summary judgment and in its discussion of the interpretation of statutes of limitations. This case was filed in federal court under federal law. The standards governing summary judgment and the interpretation of the federal statute of limitations come from federal, not state law.

■ The statute of limitations applicable to an action filed under 19 U.S.C. § 1595a(b) is found in 19 U.S.C. § 1621, which provides, in relevant part, that:

> [n]o suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered: ...

Section 1621 incorporates a discovery rule, which has been interpreted to employ a "known or should have known standard." *United States v. James Daniel Good Property,* 971 F.2d 1376, 1381 (9th Cir.1992), *rev'd in part on other grounds,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). In cases

not involving the seizure of property, as in the present action, courts have interpreted the relevant discovery language of § 1621 to mean that the statute of limitations begins to run when a " 'party discovers or possesses the means to discover the alleged wrong, whichever occurs first.' " *United States v. $116,000.00 in United States Currency,* 721 F.Supp. 701, 703–704 (D.N.J.1989) (quoting *United States v. R.I.T.A. Organics,* 487 F.Supp. 75, 78 (N.D.Ill.1980)). The determination of when the statute of limitations begins to run is a fact-specific inquiry. *See Horn v. A.O. Smith Corp.,* 50 F.3d 1365, 1370 (7th Cir.1995); *United States v. Premises Known as 318 South Third Street,* 988 F.2d 822, 826 (8th Cir.1993).

■ As of May 31, 1989, Customs knew that two separate parcels containing a total of four carpets of Iranian origin had been sent to two different employees of Shabahang. Customs suspected that there were more parcels in addition to the two which they had discovered because one of the parcels was numbered eight. Customs also knew that prior to 1987, all of Shabahang's carpets were imported from Iran. Based on this information, Ms. Kramarich concluded that she had a "highly probable" case of customs violations.

In my opinion, the undisputed facts now before this court establish that Customs possessed the means to discover the 22 carpets which are the subject of this penalty action prior to June 20, 1989. The information provided by Ms. Kramarich in her deposition shows that Customs had extensive evidence linking Shabahang to the illegal importation of carpets from Iran by May 31, 1989. It is clear that Customs knew that carpets of Iranian origin were being smuggled into the United States. Ms. Kramarich also knew that the carpet smuggling was connected to Shabahang, as she took the initiative to place an anonymous phone call to Shabahang regarding Mr. Majka after his visit to her office. Moreover, she found that the shipping documents with Mr. Majka's parcel identified "Shabahang, U.S.A."

The government argues that it did not possess the means to discover the twenty-two carpets which are the subject of this penalty action until after it had executed a search warrant at Shabahang's business premises on June 24, 1989. During the search, the government obtained Shabahang's business records. Those records identified the twenty-two carpets at issue. The government argues that it did not have specific facts linking Shabahang to the importation until Mr. Majka spoke to agent Docken on June 23, 1989. However, the government did have substantial information linking Shabahang to the importation of carpets from Iran. As stated above, the package addressed to Mr. Majka bore Shabahang's name.

The government contends that even if customs did have probable cause to obtain a search warrant for Shabahang's business premises on May 31, 1989, "it still did not have the records." That argument lacks merit. If the government had probable cause to obtain a search warrant on May 31, 1989, it could have done so. In executing the search warrant it could have obtained Shabahang's business records and could have discovered the importation of the twenty-two carpets at issue in this case.

"Statutes of limitations are statutes of repose representing 'a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " *$116,000 in U.S. Currency,* 721 F.Supp. at 705 (quoting *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979)). In the case at bar, the government simply waited too long before it filed this action. Customs waited for more than three weeks after it had information which disclosed a "highly probable" case of carpet smuggling before it obtained a search warrant for Shabahang's business premises. The plaintiff waited four years and 361 days from that date to file this action.

### ORDER

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's complaint be and hereby is dismissed, with prejudice.