# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2558EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Twenty-Seven Parcels of Real Property | * | |
| Located in Sikeston, Scott County, | * | |
| Missouri,* | * | On Appeal from the United |
| | * | States District Court |
| Defendants, | * | for the Eastern District |
| | * | of Missouri. |
| Louis Jimerson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Mary Lou Jimerson; Debra E. Jimerson; | * | |
| Diana Jimerson; Shirley A. Jimerson; | * | |
| Patricia Jimerson, | * | |
| | * | |
| Claimants. | * | |

_____

Submitted: November 13, 2000

Filed: January 9, 2001

_____

_____

*An official caption containing a complete description of the defendant properties is on file and available for inspection in the Office of the Clerk of the Court, United States Court of Appeals for the Eighth Circuit.

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.


Louis Jimerson appeals from the District Court's judgment in the government's forfeiture action against certain parcels of his real property. For the reasons discussed below, we reverse and remand the case to the District Court. We hold that the relevant statute of limitations, 19 U.S.C. § 1621, began to run when Jimerson's drug offense was discovered, not at the later time when the alleged connection of the property in question to the offense was discovered.


I.


In 1991, Jimerson was convicted of conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846. From 1987 through 1990, Jimerson and his wife had purchased twenty-seven parcels of real property in Sikeston, Missouri. After analyzing the Jimersons' financial records, the government concluded that their expenditures for this property substantially exceeded their legitimate income. On November 17, 1994, the government filed a complaint under 21 U.S.C. § 881(a)(6) seeking the forfeiture of the twenty-seven parcels, alleging that they had been purchased with drug profits.

The government moved for summary judgment. Jimerson responded that the five-year limitations period established in 19 U.S.C. § 1621 was triggered by the government's discovery of his criminal offense, and had run prior to the filing of the forfeiture complaint. The District Court initially denied summary judgment--concluding that the limitations period was triggered by the government's discovery of Jimerson's involvement in the cocaine-distribution conspiracy, not its claimed discovery that he had acquired property with the drug proceeds--and that the date of discovery was a factual matter to be determined at trial. The Court then granted the government's

motion for reconsideration, concluding that the limitations period began to run when the government discovered Jimerson's purchase of the property, and thus had probable cause to believe that the property was subject to forfeiture. After trial, the Court ordered twenty-two parcels forfeited. Jimerson appeals from this judgment, renewing his statute-of-limitations argument.

II.

The statute of limitations provides, "No suit or action to recover . . . any pecuniary penalty or forfeiture of property . . . shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered." See 19 U.S.C. § 1621. The government's position, which was ultimately adopted by the District Court, is that the discovery of "the alleged offense" means the discovery that property was purchased with criminal proceeds, rather than the discovery of the underlying criminal offense which generated those proceeds.

We disagree. As the District Court recognized when initially denying the government's summary-judgment motion, the weight of authority supports Jimerson's position. See United States v. 874 Gartel Drive, 79 F.3d 918, 922 (9th Cir. 1996) (per curiam) (limitations period begins upon discovery of offense, i.e., submission of false loan application); United States v. Four Tracts of Prop., Nos. 94-5775/5876, 1995 WL 704166, at **1, 3 (6th Cir. Nov. 28, 1995) (per curiam) (limitations period triggered by defendant's 1973-74 drug trafficking, not his 1989 acquisition of property with those drug proceeds), cert. denied, 517 U.S. 1127 (1996); United States v. 9167 Rock's Road, No. C-94-20004, 1995 WL 68440, at *6 (N.D. Cal. Feb. 10, 1995) (limitations period begins when government becomes aware of defendant's drug-trafficking activity); United States v. $116,000, 721 F. Supp. 701, 703-05 (D.N.J. 1989) (limitations period begins when government becomes aware of defendant's criminal act, not property's connection with criminal act).

Our conclusion that the discovery of "the alleged offense" means the discovery of the underlying criminal offense is also supported by section 1621's legislative history (to say nothing of the plain meaning of the statute). Earlier this year, the limitations period was amended to be "5 years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later." See Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, 217 (2000). This language strongly suggests that "the alleged offense" means the underlying criminal offense. The timeliness of the instant forfeiture action, commenced under the prior version of the statute, is therefore to be measured from the date the government discovered the underlying criminal offense, not the date it discovered the property's alleged connection to that offense.

The government contends that the 2000 amendment was merely a "clarification," not a substantive change, in the statute of limitations. This position is refuted by the legislative history. Representative Henry J. Hyde, Chairman of the House Judiciary Committee, introduced the legislation. See H.R. 1658, 106th Cong., 2d Sess. (2000). Regarding section 11, which amended the statute of limitations, he explained:

> This provision amends 19 U.S.C. sec. 1621, enlarging the time in which the government may commence a civil forfeiture action by allowing the government to commence an action within five years after the time the alleged offense was discovered, or two years after the time when the involvement of the property in an offense is discovered, whichever is later. 19 U.S.C. sec. 1621 has been construed as requiring the government to exercise reasonable care and diligence in seeking to learn the facts disclosing the alleged wrong. Thus, the courts have held under sec. 1621 that the time begins to run as soon as the government is aware of facts that should trigger an investigation leading to discovery of the offense. See Smith, 1 *Prosecution and Defense of Forfeiture Cases* sec. 12.02. . . .

The provision should not be read as extending the statute of limitations in cases that are already time-barred as of the date of enactment.

146 Cong. Rec. H2051 (daily ed. April 11, 2000).

The government also argues, and the District Court ultimately agreed, that it would be nonsensical to interpret section 1621 in such a way as to allow the limitations period to expire before the cause of action accrues. While this approach may be sensible as a matter of policy, it is rebutted by the statutory history. In 1935, the statute was amended to replace "the time when such penalty or forfeiture accrued" with "the time when the alleged offense was discovered" as the date upon which the limitations period begins to run. See Act of Aug. 5, 1935, ch. 438, 49 Stat. 527. This change suggests that the limitations period is triggered by the discovery of the offense, not the accrual of the forfeiture cause of action.

Our reading of the statute is further confirmed by Chairman Hyde's earlier attempt to amend section 1621, contained in the unenacted 1997 Civil Asset Forfeiture Reform Act. This bill used identical language to that which was enacted in 2000 ("or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later"). See H.R. 1965, § 26, 105th Cong., 1st Sess. (1997). The accompanying Judiciary Committee report explained:

Presently, forfeiture actions must be filed within five years of the discovery of the *offense* giving rise to the forfeiture. In customs cases, in which the property is the offender, this presents no problem. In such cases, the discovery of the offense and the discovery of the involvement of the property in the offense occur simultaneously.

This provision of the customs laws, however, is incorporated into other forfeiture statutes. In those cases, the government may be aware of

an offense long before it learns that particular property is the proceeds of that offense. For example, the government may know that a defendant robbed a bank in 1990 but not discover that the proceeds of the robbery were used to buy a motorboat until 1996. Under current law the forfeiture of the motorboat would be barred by the statute of limitations. The amendment rectifies this situation by allowing the government to file the forfeiture action within five years of the discovery of the *offense* giving rise to the forfeiture, as under current law, or within two years from the discovery of the involvement of the property in the offense, whichever is longer.

H.R. Rep. No. 105-358, pt. 1, at 60-61 (1997).

III.

For the reasons set forth above, we reverse the judgment of the District Court. The Court noted in its initial ruling denying the government's summary-judgment motion that the date of discovery of the offense was a factual matter to be determined at trial. This matter should be resolved by the District Court in the first instance. See United States v. 318 S. Third Street, 988 F.2d 822, 826 (8th Cir. 1993) (date of discovery triggering limitations period is factual determination). We therefore remand this case to the District Court.

Nothing in this opinion precludes the government from arguing on remand that the limitations period was tolled for a sufficient period to render the forfeiture action timely. See 19 U.S.C. § 1621(2) (limitations period tolled during "any concealment or absence of the property"). This argument may, of course, apply with different force to different parcels of land.

Reversed and remanded for further proceedings consistent with this opinion.

-6-

BYE, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's interpretation of the pre-amendment version of the statute of limitations set forth at 19 U.S.C. § 1621. I dissent, in part, because I do not believe remand is necessary. It's worth noting that the government conceded during oral argument that remand was unnecessary.

The majority remands to the district court to determine the date of the discovery of the offense. I believe the trial court's findings of fact already establish the date of the discovery of the offense. See Findings of Fact # 2 of the District Court's Order of March 30, 1999 ("As a result of a Drug Enforcement Administration (DEA) investigation initiated in 1988, Jimerson was arrested and charged with conspiracy to distribute cocaine"); see also District Court's Order of September 23, 1997, at page 8 ("The DEA launched its second criminal investigation of Jimerson in November 1988. This investigation resulted in Jimerson's conviction and current imprisonment for conspiracy to distribute cocaine."). Thus, November 1988 was when the "alleged offense was discovered" by the DEA. The forfeiture action was not filed until November 17, 1994, more than five years later, and is therefore time-barred under the pre-amendment version of 19 U.S.C. § 1921.

The majority also holds that the government is not precluded from arguing on remand that the statute was tolled during any "concealment or absence of the property." I do not believe a remand is necessary to address that issue either.

The property at issue is real property. "[R]eal property . . . by its very nature, can be neither moved nor concealed." United States v. James Daniel Good Real Property, 510 U.S. 43, 52-53 (1993). The government argues only that Jimerson "concealed" his *ownership* of the property, not the *property* itself. However, the statute clearly requires concealment of the property, not mere concealment of ownership.

In James Daniel Good, the Supreme Court addressed the amount of due process required before the government could seize real property, as opposed to personal property. Less process is required before the government can seize or seek forfeiture of personal property, such as a boat, work of art, etc., because that type of property can easily be concealed or removed from the country. The Supreme Court held that more process is required to seize real property, in part because it cannot be concealed or removed from the country. James Daniel Good, 510 U.S. at 52-53. The Supreme Court's comments regarding concealment of real property in that context apply equally to the meaning of "concealment" within the statute of limitations.

I do not believe that § 1621 contemplates tolling for mere "concealment" of ownership. The statute's reference to "concealment" should apply to real property only in the most unique circumstances, for example, where the residence constructed on the property against which the government initiates forfeiture proceedings is built *underground.* Cf. United States v. Four Tracts of Property, No. 96-6533, 1999 WL 357773, at *4 (6th Cir. May 19, 1999) (Four Tracts II) (holding that a period of concealment applied to property purchased by the claimant in his brother's name, and where the residence constructed on the property was built underground).

For the reasons stated above, I dissent from that portion of Part III of the majority's opinion that remands this case for a determination of the date of discovery, and that allows the government to argue on remand that the statute was tolled by concealment of ownership of real property.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-