**UNITED STATES of America,
Plaintiff,**

v.

**$122,000 IN U.S. CURRENCY,
Defendant.**

**CIVIL NO. 00–1990 (JAG).**

United States District Court,
D. Puerto Rico.

March 28, 2002.

---

Jose J. Santos–Mimoso, U.S. Attorney's Office, San Juan, PR, for Plaintiffs.

Luis R. Rivera–Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Claimant José J. Vasquez ("Vasquez") moves for summary judgment (Docket No. 8) against plaintiff United States of America ("Government"). Vasquez alleges that the Government's forfeiture action, brought pursuant to 21 U.S.C. § 881(a)(6) and seeking recovery of $122,000, is time barred because it was filed more than five years after the offense. Vasquez further contends that the Government's claim fails to meet the particularity requirements of Rule E(2)(a) of the Supplemental Rules for Admiralty and Maritime Claims. On January 8, 2001, the Government opposed Vasquez's motion (Docket No. 12). On March 26, 2001, Vasquez filed a supplemental memorandum alleging that § 621 of the Tariff Act of 1930, 19 U.S.C. § 1621, should apply to this action, as it was amended by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), even though the action was filed before CAFRA's effective date of August 23, 2000. (Docket No. 18). On October 24, 2001, the Court referred all motions to Magistrate–

Judge Jesús A. Castellanos for a report and recommendation. On December 26, 2001, Magistrate–Judge Castellanos recommended that the Court deny Vasquez's motion (Docket No. 23). On January 4, 2002, Vasquez filed objections to the report and recommendation (Docket No. 24). Upon review of the objections, the Court adopts the Magistrate–Judge's report and recommendation.

## FACTUAL BACKGROUND

Vasquez was convicted for drug trafficking offenses in 1988. He was released from federal prison in 1996. On April 15, 2000, agents of the Federal Bureau of Investigations ("FBI") saw him leaving his girlfriend's house and delivering a black gym bag to his brother-in-law, Widmar Zayas Caraballo, inside a car. The car was stopped shortly thereafter. The agents then requested and received Zayas's consent to search the car. The police found the black gym bag, which, they soon learned, contained approximately $100,000 in cash. The agents then returned to the girlfriend's house. A consented search of the house resulted in the agents finding an additional $20,000 hidden in the toilet tank in the bathroom. Vasquez admitted that the money in the bag and in the house was his and that it was drug proceeds, but said nothing else as to their source. Vasquez then told the agents that he knew of some Mexican drug dealers who sold cocaine and heroin in Chicago. He offered to help the FBI arrange a "buy-bust" purchase of drugs. At the request of the FBI, Vasquez traveled to Chicago and arranged a contact between an FBI agent and the Mexicans. The transaction resulted in the arrest of four persons and the seizure of two kilos of cocaine. The Government initiated forfeiture of the $122,000 filing a

---

1. Alejandro J. Cepeda–Díaz, a second year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

verified complaint on August 4, 2000, claiming to have probable cause to believe the money came from drug transactions.

Magistrate–Judge Castellanos recommended that the Court deny Vasquez's motion for summary judgment. He concluded that CAFRA does not apply to this action because it was meant to cover actions commenced after its effective date of August 23, 2000, and not pending actions. Moreover, the Magistrate–Judge found that there are material factual disputes that preclude the entry of summary judgment.

## DISCUSSION

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, where pertinent, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for the factual controversy to prevent summary judgment the contested fact must be "material" and the dispute over it must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under the governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is "insufficient to defeat a properly supported motion for summary judgment." *Id.,* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994)

To make this assessment in a given case, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." See *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

B. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) (1993); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). Since Vasquez has filed timely objections to the report and recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R.1998).

C. *Claimant's objections to the Magistrate–Judge's Report and Recommendation.*

In his objections, Vasquez argues that the statute of limitations found in § 621 of the Tariff Act of 1930, 19 U.S.C. § 1621, applies to forfeiture proceedings predating CAFRA. Accordingly, he claims that the action is time barred because more than five years have passed since the violation occurred. Section 1621 states that "no suit or action ... may be instituted unless commenced within 5 years after the date of the alleged violation." 19 U.S.C. § 1621(1). Vasquez argues that the Government's theory that the money is drug

proceeds is based entirely on his 1988 arrest and conviction. Since the Government has not proffered direct evidence that he has been involved in any drug transactions since his 1996 release from prison, the statute of limitations to commence the forfeiture action began in 1988 and ran out more than seven years before this action was filed.

■ Further reading of the statute yields that "the time of the absence from the United States of the person subject to the penalty of forfeiture, **or of any concealment or absence of the property,** shall not be reckoned within the 5–year period of limitation." 19 U.S.C. § 1621(2) (emphasis supplied). Even if the money was generated on or before 1988, the fact that claimant concealed it from the Government tolled the period of limitation until April 25, 2000, when it was found. *See U.S. v. Twenty–Seven Parcels of Real Property Located in Sikeston, Scott County, Missouri,* 236 F.3d 438, 442 (8th Cir. 2001); *U.S. v. Carrell,* 252 F.3d 1193, 1205 (11th Cir.2001). Therefore, the forfeiture action is not time barred.[2]

■ Vasquez also argues that the Government lacks probable cause to forfeit the money. The First Circuit has stated that, "[t]o establish probable cause, the government must only show reasonable ground for belief of guilt; supported by less than *prima facie* proof, but more than mere suspicion. This showing can be made with circumstantial evidence or evidence that would be inadmissible at trial, so long as the evidence is reliable." *U.S. v. Parcels of Land,* 903 F.2d 36, 38 (1st Cir.1990) (citations omitted). The uncontroverted fact that claimant admitted to

**2.** Although inapplicable to this case, further support for this argument is found in an amendment by CAFRA of 19 U.S.C. § 1621 to add that a forfeiture action could be commenced within 2 years after the time the involvement of the property in the alleged offense was discovered.

FBI agents that the money is drug proceeds, his past drug arrests and conviction,[3] and his current knowledge of drug trafficking activities in Chicago, constitute reasonable ground for belief of guilt. Once the government has established probable cause, the burden shifts to claimant to prove by a preponderance of the evidence that the money is not drug proceeds. *Id.* Vasquez's arguments fail to defeat the Government's probable cause proffer. Furthermore, Vasquez has failed to meet his burden of proving by a preponderance of the evidence that the money is not drug proceeds.

In the objections, Vasquez states that he takes issue with both of the Magistrate–Judge's findings (Docket No. 24 at 2). The Court finds, however, that Vasquez has failed to properly address the Magistrate–Judge's finding that there are genuine and material issues of fact precluding the entry of summary judgment. As the First Circuit has stated,

> "we see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: 'Judges are not expected to be mindreaders. Consequently, a litigant has an obligation "to spell out its arguments squarely and distinctly," or else forever hold its peace.' "

*U.S. v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) (citations omitted). Although Vasquez states that he objects to the Magistrate–Judge's finding, he did not make the requisite effort at developed argumentation in support of the objection.

Furthermore, Vasquez has failed to fully comply with the requirements of Local Rule 510.2. Where pertinent, the Rule states that "written objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Rule 510.2, Local Rules, District of Puerto Rico. Vasquez failed to discuss the legal basis which supports the objection. Accordingly, he has waived his right to object, and the Court need not go further. *See Templeman v. Chris Craft Corp.* 770 F.2d 245, 247 (1st Cir.1985)

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's report and recommendation and denies Vasquez's motion for summary judgment.

IT IS SO ORDERED.

---

**3.** There is a reference on the record to two previous drug-related arrests, in 1973 and 1976, but no mention of any convictions prior to 1988.