UNITED STATES of America, Plaintiff,

v.

Yoel NEMAN, Defendant.

Court No. 89–03–00146.

United States Court of
International Trade.

Feb. 28, 1992.

---

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Anthony H. Anikeeff (Carla Anderson Johnson, Asst. Regional Counsel, U.S. Customs Service, of counsel), Washington, D.C., for plaintiff.

Yoel Neman, pro se.[1]

**1.** Defendant was represented by counsel until May 23, 1991.

**2.** This opinion only addresses Entry No. 83–438352–4.

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, Judge.

### I. Introduction

This case comes before the Court on defendant's motion for partial summary judgment. The government seeks to recover penalties from Yoel Neman for an allegedly fraudulent entry of fabric falsely declared as the product of Japan, entered on September 26, 1983. Yoel Neman claims that Entry No. 83–438352–4 should be time barred by 19 U.S.C. § 1621 because the entry was filed on September 26, 1983, more than five years from the filing of the complaint.[2] The government argues that the claim is not barred because the statute of limitations for fraudulent entry claims is five years from the date of discovery.[3] Defendant's motion is denied because significant questions of fact remain, and this matter is inappropriate for summary judgment.

### II. Facts

On March 14, 1984, a Customs Service officer first noticed allegedly falsely marked goods imported by Pacific Textile Co. (Pacific), the importer of record for Entry No. 83–438352–4. Plaintiff's Statement Pursuant to Rule 56(i), at 1, Declaration of Dennis Shintani, at § 4. Customs initially discovered the involvement of Yoel Neman and the alleged fraudulent declaration of Entry No. 83–438352–4, on May 4, 1984. The action was filed on March 14, 1989.

### III. Summary Judgment

On a motion for summary judgment, there may be no genuine issues of material fact in dispute. *Carter Footwear v. United States*, 10 CIT 618, 1986 WL 10391 (1986); Wright, Law of Federal Courts § 99 at 664 (4th ed. 1983) (court may only determine whether there are issues to be tried). The party against whom the motion is made is entitled to all the favorable inferences that may be reasonably drawn from the evidence, and if when so reason-

**3.** 19 U.S.C. § 1592 (1991).

ably viewed reasonable minds might reach different conclusions, the motion should be denied. *Caylor v. Virden*, 217 F.2d 739 (8th Cir.1955).

In the instant case, the question of when the allegedly fraudulent activity was discovered remains to be decided. Under 19 U.S.C. § 1621, a § 1592 fraud case must be brought "within five years after the time when the alleged offense was *discovered.*" 19 U.S.C. § 1621 (1991) (emphasis added). Defendant argues that the government should have known of its alleged conduct "on, or shortly after, the date of the subject entry." Defendant's Memorandum in Support of Motion for Partial Summary Judgment, at 1. Defendant's argument misses the mark.

Two prior cases are on point. In *United States v. R.I.T.A. Organics, Inc.*, 487 F.Supp. 75 (N.D.Ill., 1980), the defendant argued that the Customs Service knew more than five years before the suit was brought that the import documents were false. However, the Court denied summary judgment because material factual issues remained. "The question of when a plaintiff discovered or reasonably should have discovered a fraud is not one which often lends itself to resolution by way of summary judgment." 487 F.Supp. at 78.

In a later case, this Court denied defendant's motion to dismiss on similar grounds. *United States v. Gordon*, 7 CIT 350, 1984 WL 3714 (CIT 1984).

Drawing all inferences in the government's favor and giving the government's affidavit the weight it is due, the unrebutted evidence shows that the government did not discover the alleged fraud until March 14, 1984. Defendant's motion must be denied because there remains, at least, a material fact at issue, i.e., when the alleged fraud was discovered.

## IV. Conclusion

After examining the evidence and law presented to support the motion for partial summary judgment, this Court believes that the factual issue of when the Customs Service discovered the alleged fraud remains to be decided. For this reason, defendant's motion for partial summary judgment is DENIED.

SO ORDERED.