**Slip Op. 03-78**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HON. RICHARD W. GOLDBERG, SENIOR JUDGE**

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| v. | |
| PAN PACIFIC TEXTILE GROUP, INC., AVIAT SPORTIF, INC., BUDGET TRANSPORT, INC., PRIME INTERNATIONAL AGENCY, BILLION SALES, EVER POWER CORP., AMERICAN CONTRACTORS INDEMNITY COMPANY, | Court No. 01-01022 |
| and | |
| THOMAS MAN CHUNG TAO, | |
| and | |
| STEPHEN SHEN YU JUANG, | |
| Defendants. | |

[Defendants' motion for summary judgment is denied.]

Dated: July 8, 2003

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, A. David Lafer, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice (Michael Panzera); Joanne M. Halley, Office of Associate Chief Counsel, Bureau of Customs and Border Protection, United States Department of Homeland Security, for plaintiff United States.

John Weber for defendants Thomas Man Chung Tao, Pan Pacific Textile Group, Inc., and Aviat Sportif, Inc.


# OPINION

**GOLDBERG, Senior Judge**: This case involves an action by the United States Customs Service[1] ("Customs") against defendants Pan Pacific Textile Group, Inc., Aviat Sportif, Inc., Budget Transport, Inc., Prime International Agency, Billion Sales, Ever Power Corp., American Contractors Indemnity Company, Thomas Man Chung Tao, and Stephen Shen Yu Juang pursuant to 19 U.S.C. § 1592.[2] Customs seeks civil penalties and recovery of unpaid duties accrued from 68 unlawful entries of track suits imported from the People's Republic of China ("PRC") into the United States. Customs alleges fraud, gross negligence, and negligence by the defendants. Tao, Pan Pacific, and Aviat Sportif (collectively "Defendants") move for summary judgment pursuant to USCIT R. 9(b), 11(b), and 56 and also seek USCIT R. 11 sanctions against plaintiff.

---

[1] It has since become the Bureau of Customs and Border Protection per the Homeland Security Act of 2002, § 1502, Pub. L. No. 107-296, 116 Stat. 2135, 2308-09 (Nov. 25, 2002), and the Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. 108-32, p. 4 (Feb. 4, 2003).

[2] Juang was owner/president of Prime International Agency, Budget Transportation and controlled operations of Ever Power and Billion Sales. Juang does not move for summary judgment.

For the reasons set forth below, the Court denies Defendants' motion for summary judgment.

## I. UNDERLINED_BACKGROUND

Tao was owner of Pan Pacific and Aviat Sportif. Customs alleges that between 1995 and 1997, Tao and Juang carried out a scheme by which track suits were illegally imported into the U.S. from the PRC. Juang willfully and deliberately mis-identified the tracksuits as plastic bags and other goods with 3% duty rates in order to avoid the 30% duty rate applied to track suits. Marcia A. Brown Declaration ("Brown Decl."), ¶¶ 5, 8. For Juang's services, Tao paid a flat rate, significantly lower than the actual duty amount. Id. at ¶ 11.

On or about November 26, 1996, Customs Special Agents began investigating Juang's alleged smuggling operation. United States v. Thomas Tao, Criminal Complaint, ¶ 5 (S.D. Ca. 1996) (Magistrate's Case No. 98-57/M) ("Criminal Comp."). On February 26, 1997, Customs searched the premises of a company owned by Juang and seized numerous records. Id. The seized documents revealed Tao's complicity in the operation from 1994 to 1997. Brown Decl. at ¶ 5. As a result of the seizure, Juang and Tao were criminally prosecuted for conspiring to smuggle merchandise into the United States; Tao was acquitted. Id. at ¶ 14.

Along with the documents removed during the February 26, 1997 raid, Customs also seized 4,189 cartons of merchandise. The confiscated track suits constituted part, but not all, of the 34 entries involved in Tao's criminal case. Id. at ¶ 15. After his acquittal, Tao filed a Motion for Return of Property, pursuant to FRCP R. 41(e). The dutiable value of the tracksuits was estimated to be $244,404.81, and the duty owed was valued at $62,717. After paying the outstanding duties, the merchandise was returned to Tao. Id. at ¶ 15.

On November 21, 2000, Customs filed the instant civil action pursuant to 19 U.S.C. § 1592. Customs seeks duties for the remaining 34 entries not already paid for, as well as for an additional 34 entries not involved in the criminal trial. Customs has valued the total domestic value of the merchandise at $26,051,129, and the total duties owed at $2,034,159.80. Plaintiff's Complaint, ¶¶ 29, 37 ("Pl.'s Comp.").[3]

Customs seeks $26,051,129 in civil penalties for fraud. Alternatively, Customs seeks $956,406 for gross negligence or $482,703 for negligence. Pl.'s Comp. at ¶¶ 31, 35. Customs

---

[3] The $62,717 already paid by Tao is not part of this action. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, 23 ("Pl.'s Opp.").

seeks $2,034,159 or, alternatively, $241,351, in recovery of lost duties and fees.  Pl.'s Comp. at ¶¶ 38, 41.


## II.  <u>STANDARD OF REVIEW</u>

"Summary judgment is proper 'if the pleadings [together with the discovery materials] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)(quoting FRCP R. 56(c)).  However, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment will not be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  All inferences will be drawn in favor of the party opposing the motion for summary judgment.  <u>United States v. Neman</u>, 16 CIT 97, 784 F. Supp. 897 (1992).


## III.  <u>DISCUSSION</u>

In moving for summary judgment, Defendants make several claims.  First, Defendants argue that Customs' complaint must be dismissed under USCIT R. 9(b) for failing to state the circumstances constituting fraud with particularity. Second, Defendants argue that Customs' claims are time barred by the applicable statute of limitations under 19 U.S.C. § 1621.

Third, Defendants claim that since Tao has paid all outstanding duties to the government, Customs cannot seek recovery for lost duties.  Fourth, Defendants seek summary judgment and sanctions against plaintiff due to alleged violations of USCIT R. 11.  Each of these arguments is addressed in turn.

**A.    Customs' complaint is stated with sufficient particularity to satisfy the requirements of USCIT R. 9(b).**

Defendants argue that Customs has failed to meet the standard set out by USCIT R. 9(b), requiring, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  USCIT R. 9(b). Defendants contend that Customs' complaint lacks a factual basis as well as the requisite particularity.  See Memorandum in Support of Defendants' Motion for Summary Judgment, 5 ("Defs.' Memo.").  This argument is without merit.

The particularity required by Rule 9(b) does not mandate that a plaintiff put forth an exhaustive substantiation of the claims.  U.S. v. Scope Imports, Inc., 10 CIT 410 (1986).  The rationale for the specificity requirement is to protect the defendant from undue surprise in ensuing proceedings.  United States v. Valley Steel Products Co., 12 CIT 1161, 1163 (1988). Therefore, "[i]f a complaint identifies the circumstances constituting the fraud so that the defendant can respond to the

allegations, Rule 9(b) has been satisfied." United States v. Priscilla Modes, Inc., 9 CIT 589, 599 (1985). In Priscilla, the court identified three criteria that satisfied the Rule 9(b) particularity requirement for a complaint under 19 U.S.C. § 1592: (1) asserting that defendant's behavior was fraudulent; (2) listing the documents relied upon to establish fraud; and (3) claiming an injury to plaintiff as a result of defendant's conduct. Id.

In the instant action, Customs' complaint satisfies the Rule 9(b) requirement set forth in Priscilla. First, Customs clearly asserted that Defendants' behavior was fraudulent, alleging "[t]he material false statements . . . were committed, or caused by defendants Tao and Juang and their companies knowingly, voluntarily, and intentionally and thus were fraudulent violations of 19 U.S.C. § 1592(a)." Pl.'s Comp. at ¶ 27. Second, Customs identifies the 68 entries that substantiate the fraud. Id. at ¶ 16. Third, Customs adequately identifies the injury caused by the fraud, stating, "as a result of the violations. . . the United States was deprived of lawful customs duties in the amount of $2,034,159.80." Pl.'s Comp. at ¶ 22. Therefore, Customs has clearly met the standard for a complaint under 19 U.S.C. § 1592, and, accordingly, the Court denies summary judgment for failure to satisfy USCIT R. 9(b).

**B.    Issues of material fact exist as to when Customs discovered
        the alleged violations.**

The central issue for Defendants' second argument is whether

the applicable statute of limitations in 19 U.S.C. § 1621 bars

Customs' suit.[4]  According to the statutory scheme set forth by §

1621, a plaintiff must institute a claim pursuant to 19 U.S.C. §

1592 within five years of the offense.  For cases of fraud,

however, the statute follows a discovery rule: a plaintiff need

only institute a claim of fraud within five years of discovery of

_____

[4] Section 1621 states:

> No suit or action to recover any duty under section
> 1592(d), 1593a(d) of this title, or any pecuniary
> penalty or forfeiture of property accruing under the
> customs laws shall be instituted unless such suit or
> action is commenced within five years after the time
> when the alleged offense was discovered, or in the case
> of forfeiture, within 2 years after the time when the
> involvement of the property in the alleged offense was
> discovered, whichever was later; except that--
> (1)in the case of an alleged violation of section 1592
> or 593a of this title,  no suit or action (including a
> suit or action for restoration of lawful duties under
> subsection (d) of such sections) may be instituted
> unless commenced within 5 years after the date of the
> alleged violation or, if such violation arises out of
> fraud, within 5 years after the date of discovery of
> fraud, and
> (2)the time of the absence from the United States of
> the person subject to the penalty or forfeiture, or of
> any concealment or absence of the property, shall not
> be reckoned within the 5-year period of limitation.

19 U.S.C. § 1621 (2003).

the violation.  Defendants argue that Customs' fraud claims are time barred, because the government was aware of possible § 1592(a) violations more than five years before filing the complaint.  In addition, Defendants argue that Customs' gross negligence and negligence claims should not apply to transactions that took place more than five years before the complaint was filed.

With respect to Defendants' first contention, the issue in dispute is when Customs discovered the alleged offense.  Defendants allege that Customs knew of the Tao-Juang scheme before November 21, 1996.  Defs.' Memo. at 12.  As such, Customs' entire action for fraud should be barred.  Customs argues that the discovery date for the transactions in question was February 26, 1997, thus rendering Defendants' statute of limitations argument moot.

Defendants' argument of Customs' early knowledge of a Tao-Juang scheme derives from the criminal complaint in the aforementioned criminal prosecution, United States v. Thomas Tao.  In the criminal complaint, Special Agent David Peters stated, "Beginning on or about November 26, 1996 . . . . I assisted SSA Henry Griffin . . . [with] his investigation of Stephen Juang."  Criminal Comp. at ¶ 5.  Customs argues that November 26, 1996 simply marked the beginning of an investigation of Juang.  Pl.'s

Opp. at 19. Customs claims only to have discovered information that suggested a link between Tao and Juang on February 26, 1997, when its monitoring of Juang's activities resulted in a raid of one of Juang's companies. Id. According to Customs, only with those documents seized on February 26, 1997 did the Tao-Juang scheme become apparent. Brown Decl. at ¶ 9.

It is not necessary to resolve this issue on the merits at this juncture. Customs presents a line of reasoning with some degree of factual support. The question of when Customs actually discovered the violation is an issue of material fact. Therefore, summary judgment for Tao is not warranted.

With respect to Defendants' second contention, there is no meritorious argument. Defendants argue that Customs' claims of gross negligence and negligence should not apply to transactions that occurred prior to November 21, 1996. Defs.' Memo. at 8. In Counts II and III, Customs does not seek damages for any transactions that took place before that date. Therefore, Defendants' contention is irrelevant to Customs' complaint, and the Court denies summary judgment on the issue of Customs' failure to satisfy 19 U.S.C. § 1621.

**C. Tao's payment for return of merchandise pursuant to FRCP R. 41(e) does not warrant summary judgment.**

Tao paid $62,717 to secure the return of merchandise seized in the February 26, 1997 raid. Defendants argue that the $62,717, plus Juang's payment of a $1.4 million criminal fine, reimburses Customs for any revenue deprived, thus warranting dismissal on summary judgment. Defs.' Memo. at 9. Defendants further argue that Customs unreasonably inflated the amount of duties owed. Therefore, in addition to dismissal, Defendants also claim to be entitled to a partial refund of the $62,717 already paid. None of these allegations warrant summary judgment.

Defendants' argument is incompatible with Customs' claim because it does not directly challenge Customs' allegations. While Defendants argue that they should not stand trial for entries lawfully made, Customs instead seeks recovery of entries that remain unpaid. Customs contends that the seized garments constitute only a very small portion of the total merchandise at issue in this case. Customs further asserts that they subtracted the $62,717 from their calculations for actual loss of revenue. Pl.'s Opp. at 23-24. These issues remain to be litigated at trial. Accordingly, the Court denies summary judgment on the basis of this claim.

**D.    The alleged Rule 11 violations do not warrant summary judgment nor sanctions.**

Defendants seek summary judgment and sanctions for alleged violations of USCIT R. 11(b)(1), 11(b)(3) and 11(b)(4).[5] First, they argue that the government does not have sufficient evidence that Tao was engaged in Juang's illegal scheme, and therefore Customs' suit constitutes harassment. Second, they argue that Customs' claim that the merchandise is worth over $26 million is "reckless inflation" aimed at recovering higher duties under the lower standard of proof in civil actions. Defs.' Memo. at 12. Upon examination, neither of these contentions is a tenable basis for either Rule 11 sanctions or summary judgment.

---

[5] Rule 11(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances, ---
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> . . .
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief . . .

USCIT R. 11(b).

Defendants' first claim, of harassment by Customs, is unsupported. Customs has put forth sufficient evidence regarding the Tao-Juang scheme to sufficiently convince the Court at this juncture that its case is aimed at recovering outstanding duties and not simply to harass Tao. If shown to be true, the dates, extent, and manner of Tao's involvement in the Tao-Juang scheme is evident in the papers submitted to the Court. <u>See</u> Brown Decl. Moreover, the prior criminal trial does not preclude the instant civil suit because of the disparate burden of proof applied to civil suits as opposed to criminal trials. <u>See</u> <u>One Lot Emerald Cut Stones and One Ring v. United States</u>, 409 U.S. 232, 235 (1972).

Defendants' second claim, regarding the amount sought by Customs, is a factual issue. Customs asserts that $26,051,129 represents the total domestic value of the merchandise involved in the suit. Pl.'s Comp. at ¶ 28; <u>see</u> <u>also</u> Letter from Robert Thierry to Victor Sherman, Nov. 12, 2000. Defendants may challenge Custom's calculations. This, however, is an issue to be taken up at trial. The numbers put forth are not frivolous enough to warrant Rule 11 sanctions nor summary judgment. Accordingly, the Court denies Defendants' motion for summary judgment on the basis of Rule 11 violations.

### IV. <u>CONCLUSION</u>

As discussed above, Defendants do not offer sufficiently compelling arguments for summary judgment: (1) Customs' complaint meets the standards set out by USCIT R. 9(b); (2) there exist issues of material fact as to whether Customs discovery of Tao's involvement falls within with the applicable statute of limitations in 19 U.S.C. § 1621; (3) Defendant's claim that they have already reimbursed the Customs for lost revenues does not directly challenge Customs' allegations; and (4) Defendants have not provided sufficient evidence of Rule 11 violations by plaintiff.  Accordingly, for the aforementioned reasons, Defendants' motion for summary judgment is denied.

 

**Richard W. Goldberg**
**Senior Judge**

**Date:      July 8, 2003**
**          New York, New York**

**ERRATUM**

<u>United States v. Pan Pacific Textile Group, Inc., et al.</u>, Court No. 01-01022, Slip Op. 03-78, issued July 8, 2003.

- On page 4, the first sentence of the second paragraph should now read as follows: "On November 21, 2001, Customs filed the instant civil action pursuant to 19 U.S.C. § 1592."

July 14, 2003